In light of the representations in the Government's letter, Petitioner's failure to file a reply to the return, and Petitioner's failure to comply with the Court's order directing a response to the Government's letter, this action is dismissed as moot without prejudice. The conference scheduled for July 23, 2026 is canceled. The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
July 21, 2026

**By ECF**
Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

Re: *Cabrera Leon v. Catletti, et al.*, No. 26 Civ. 5682 (PMH)

Dear Judge Halpern:

This Office represents Respondents (the "Government") in the above-referenced immigration habeas corpus action, brought by Robert Joel Cabrera Leon ("Petitioner"), a non-citizen who challenged his detention by U.S. Immigration and Customs Enforcement ("ICE"). I write respectfully in response to the habeas petition. As discussed below, the Court should dismiss this action as moot because ICE has released Petitioner from detention.

Petitioner, a native and citizen of Ecuador, is subject to a final reinstated removal order, but is in withholding-only proceedings while he seeks country-specific relief from removal to Ecuador. At issue here, on June 30, 2026, ICE revoked Petitioner's September 2021 order of supervision and detained him based on his violation of the terms of his order of supervision (criminal charges). On July 5, 2026, Petitioner commenced this habeas action pursuant to 28 U.S.C. § 2241 to challenge the revocation of his order of supervision and his detention. However, on July 13, 2026, ICE released Petitioner from detention and placed him back on an order of supervision. *See* Declaration of Deportation Officer Alexander Thompson; Ex. 1 (OSUP).

Because Petitioner has been released from detention, this action is moot and should be dismissed. *See, e.g.*, *Leybinsky v. ICE*, 553 F. App'x 108 (2d Cir. 2014) (habeas petition moot upon petitioner's release by ICE); *Pierrilus v. ICE*, 293 F. App'x 78, 79 (2d Cir. 2008) ("[P]etitioner's challenge to the length of his detention is moot as a result of his release from DHS custody."); *Remy v. Chadbourne*, 184 F. App'x 79, 80 (2d Cir. 2006) (dismissing as moot an appeal from the dismissal of a habeas petition challenging detention where ICE released the alien from detention during the appeal); *Edwards v. Ashcroft*, 126 F. App'x 4 (2d Cir. 2005) (habeas petition challenging detention rendered moot upon release from custody). I spoke with Petitioner's counsel and sought his position on a dismissal of this action, and he stated that he does not join the Government's request to dismiss pending discussion with Petitioner later this evening.

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _*/s/ Janet Lynne Guyon*_
JANET LYNNE GUYON
Special Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (917) 484-0324
E-mail: janet.guyon@usdoj.gov

cc: Counsel of record (by ECF)